UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

EDWARD ESPOSITO                                CIVIL ACTION

VERSUS                                         NO: 06-1837

ALLSTATE INSURANCE CO.                         SECTION: "A" (2)


                         **ORDER AND REASONS**

    Before the Court is a **Motion for Summary Judgment (Rec. Doc. 28)** filed by defendant Allstate Insurance Co.  Plaintiff, Edward Esposito, opposes the motion.  The motion, set for hearing on March 21, 2007, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is GRANTED.

I.    **BACKGROUND**

    Plaintiff's property, located in New Orleans, Louisiana, was flooded for approximately two weeks with over six feet of water. Plaintiff ultimately received $211,565.00 in flood policy proceeds--$185,265 for damage to the structure and $26,300 for contents.

    Plaintiff also made a claim under his homeowner's policy for wind damage to his home and to the contents on the second floor of

his two story home. Plaintiff received $36,892.54 for contents damage under the homeowner's policy. In the instant suit, Plaintiff contends that wind caused a total loss of the property and that he seeks the full policy limits on his homeowner's policy.

Allstate moves for summary judgment contending that Plaintiff should now be estopped from asserting that wind damage caused his losses after having received funds for the same loss under his federal flood policy. Alternatively, Allstate asserts that any recovery by Plaintiff in this lawsuit should be offset by what he has already been paid under his federal flood policy because Plaintiff's recovery is limited to the actual cash value of his loss.

In opposition, Plaintiff argues that if he prevails in this suit and Allstate is allowed a credit for the flood proceeds, then the NFIP would have a right of action for reimbursement for payments erroneously made under the flood policy. Plaintiff contends that any such right of reimbursement would be against him and not against Allstate. Plaintiff points out that if Allstate is allowed a credit then this would severely impact his ability to reimburse the NFIP should it proceed against him in the future.

Further, Plaintiff argues that Allstate should not receive a windfall from the NFIP for making an erroneous flood payment to its insured. Plaintiff contends that he paid his policy premiums to

Allstate and that Allstate should not be allowed to avoid its obligations under the policy to the extent of any erroneously paid flood proceeds.

**II.  DISCUSSION**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedqwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic

argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

In Weiss v. Allstate Insurance Co., Judge Vance recently denied a motion by Allstate which was very similar to the instant motion.  No. 06-3774, 2007 WL 891869 (E.D. La. Mar. 21, 2007).  In that case Judge Vance determined that issues of material fact pertaining to the value of the property and as to whether plaintiffs had admitted that their property was damaged solely by water precluded summary judgment.  Id. at *2-3.

In reaching her decision to deny summary judgment in Weiss, Judge Vance resolved several legal questions based on sound reasoning.  Most importantly, a plaintiff whose property sustains damage from flood *and from wind* can clearly recover for his segregable wind and flood damages *except to the extent that he seeks to recover twice for the same loss*.  Weiss, 2007 WL 891869, at *2.

Based on the reasoning in Weiss, which this Court finds persuasive, Esposito is entitled to recover in this lawsuit any *previously uncompensated* losses that are covered by his homeowner's policy *and which when combined with his flood proceeds do not exceed the value of his property*.  Esposito is not entitled to obtain a windfall double recovery by now recharacterizing as wind

4

damage those losses for which he has already been compensated by previously attributing them to flood waters.  The NFIP program did not *erroneously* make payments to Plaintiff for flood losses to his home.  Plaintiff sought those payments and he obtained them by convincing FEMA that his losses were caused by flood and covered by his flood policy.  Plaintiff has now been compensated for those losses based on the statements and information that he provided to FEMA.  For purposes of the instant suit this Court will not allow Plaintiff to cavalierly repudiate those prior statements while nevertheless retaining the funds that he received based on those same statements.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 28)** filed by defendant Allstate Insurance Co. should be and is hereby **GRANTED** as explained above.

April 13, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE